David **ANNUNZIATO**, Plaintiff,

v.

**COLLECTO, INC.,** doing business as **EOS CCA,** Defendant.

No. CV 12–3609(ADS)(AKT).

United States District Court, E.D. New York.

Signed Jan. 28, 2015.

Brian L. Bromberg, Bromberg Law Office, P.C., New York, NY, Joseph M. Mauro, The

Law Office of Joseph Mauro, LLC, West Islip, NY, for Plaintiff.

Jonathan David Elliot, Dominic Spinelli, Zeldes, Needle & Cooper, Bridgeport, CT, for Defendant.

## ORDER

A. KATHLEEN TOMLINSON,
Magistrate Judge:

Plaintiff David Annunziato ("Plaintiff") brings this class action, on behalf of himself and all others similarly situated, against Defendant Collecto, Inc. doing business as EOS CC ("Defendant" or "Collecto"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See generally* Am. Compl. [DE 37]. Plaintiff alleges that Defendant's "pattern and practice of gouging consumers through the insidious addition of 'collection fees and costs', and by threatening 'further steps' attempting to collect debt beyond the statute of limitations is illegal and contemptible conduct." *Id.* ¶ 2. On May 16, 2012, Collecto sent Plaintiff a debt collection letter which attempted to collect a debt allegedly owed by Plaintiff to New York Institute of Technology ("NYIT"). *Id.* ¶¶ 13, 15, 18. Plaintiff asserts that the debt was "well beyond any applicable statute of limitation[s]." *Id.* ¶ 15.

Presently before the Court is Plaintiff's letter motion to compel discovery regarding two categories of information: (1) evidence of purported consent of class members to a 42.85% fee/collection on overdue tuition and (2) evidence that some of the students' alleged debts are not past the statute of limitations. *See* DE 63 at 1. First, Plaintiff notes that Defendant's May 16, 2012 debt collection letter indicates that the alleged debtors are responsible for paying a "fee/collection cost" which amounts to 42.85% of the principal balance. *Id.* Since Defendant asserts that these supposed debtors "consented" to the 42.85% fee, Plaintiff seeks to compel Defendant to produce "evidence of this 'consent.'" *Id.* In response to Plaintiff's document requests, interrogatories, and requests for admissions, Defendant's counsel claims that his client does not possess materials relating to the debtors' consent, but points out that

NYIT might. *Id.* at 2. Plaintiff's counsel contends that the "contract between Defendant and [NYIT] specifically puts this information within the custody and control of the Defendant." *Id.* (citing DE 63, Ex. B ¶ 8). The relevant contractual language follows below:

> Further, Client [NYIT] has available complete documentation to support its claims of the amounts due and the debtor's obligation to pay same. Client [NYIT] will produce such documentation promptly upon reasonable request by Agency (Defendant).

*Id.* (emphasis omitted). In view of this language, Plaintiff argues that Defendant has the legal right to obtain the information. *Id.* (citing *S.E.C. v. Strauss,* No. 09 Civ. 4150, 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009)). Further, Plaintiff argues that, "from a very practical standpoint," Collecto clearly possesses the ability to obtain these items since it is the information of Collecto's own client (*i.e.,* NYIT). *Id.* (citing *Strauss,* 2009 WL 3459204; *Commonwealth of the N. Mariana Islands v. Millard,* 287 F.R.D. 204 (S.D.N.Y. 2012)).

Second, Defendant argues that "at least some of the students' alleged debts are not past the statute of limitations." *Id.* at 1. Given this representation, "Plaintiff wants to see Defendant's evidence of this 'statute of limitations' argument to determine which debts, if any, are within the statute of limitations." *Id.* Thus, in order to ascertain whether the debts requested in Defendant's letters were time-barred, Plaintiff seeks to compel discovery from Collecto "regarding the date the alleged debt became delinquent, and the date of the last payment, so as to properly assess the statute of limitation[s]." *Id.* at 4. Defendant again indicates that such information is in the possession of NYIT— not Collecto. *Id.* Plaintiff maintains that this assertion, too, is "belied by the agreement" between Collecto and NYIT. *Id.*

In opposition, Defendant argues, as a preliminary matter, that it has "already produced hundreds of pages of records supplying information that it had concerning the accounts of alleged class members in this matter." *See* DE 65 at 1. Further, Defen-

dant notes that a "class action should not require an individualized inquiry into the detailed facts and circumstances of every alleged class member to determine whether they are, in fact, members of the class." *Id.* Defendant claims that it is unaware of the responsive documents that NYIT—a separate and independent entity—possesses which may be relevant to this action. *Id.* Plaintiff's counsel, Defendant argues, has the burden to show that Collecto actually possesses the documents being requested. *Id.*

With respect to the contractual language quoted by Plaintiff, Defendant argues that, notwithstanding the agreement between Collecto and NYIT, "[t]he materials to which the contract refers are not necessarily coextensive with the documents sought by [P]laintiff or the purposes for which [P]laintiff is requesting them." *Id.* at 2. Defendant lacks knowledge of the "specific identity or location" of such documents nor does it have any control over NYIT's "willingness" or "ability" to produce these documents. *Id.* Defendant contends that, in any event, Plaintiff retains the ability to subpoena the requested documents directly from NYIT, which Plaintiff in fact has previously done in this case. *Id.* According to Defendant, Plaintiff "should await response by NYIT to his subpoena before resorting to motion practice." *Id.*

■ At the outset, the Court notes that Judge Spatt granted Plaintiff's motion for class certification on August 9, 2013. *See* DE 32. In granting Plaintiff's motion for reconsideration on October 9, 2013, Judge Spatt modified the class definition to include

(a) all individuals who have mailing addresses within New York State; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable statute of limitations; (e) or containing a collection fee that they had not previously authorized by entering into an agreement with [NYIT]; (f) which was not returned by the postal service as undelivered.

*See* DE 47 at 2. This remains the class definition. In light of Judge Spatt's certification, class notice was sent out to 462 class members on June 30, 2014. *See* DE 69 ¶ 6. The Court finds that (1) discovery of whether the class members consented to the notice and/or (2) were sent notices regarding debts for which the collections period had elapsed, is clearly integral to the prosecution of the claims asserted in the Complaint.

As noted, Plaintiff's counsel is seeking evidence (documents) which supports Defendant's contention that the NYIT students who received the defendant's collection letter were "consenting" to the asserted 42.85% collection fee. Plaintiff's counsel has requested documents which may show agreements between NYIT and any class member in which that class member agreed to be responsible for collection costs in the event there was an unpaid balance with NYIT. Defendant takes the position that

to the extent NYIT possesses any responsive documents, defendant does not know precisely what responsive documents NYIT possesses. Moreover, as a matter of governance, NYIT is an independent entity not controlled by defendant. This is not a case where defendant is being asked to produce the documents of a corporate affiliate.

DE 65 at 1. In addition, Defendant argues that although NYIT represented to Collecto that certain types of documents could be made available, the contract did not indicate that Defendant has "unfettered or immediate access to NYIT's records." *Id.* at 2. Defendant also argues that it does not control NYIT's documents in question and that Plaintiff's counsel can obtain the documents himself directly from NYIT. *Id.* While those statements may be literally correct, the literal correctness does not absolve Collecto from its discovery obligations here. The Court thus finds these asserted arguments to be unpersuasive.

■ The Defendant entered into a service contract with NYIT to collect the purported student debts at issue. As such, Collecto acted as NYIT's agent, and whatever information NYIT gave to Collecto within these parameters is discoverable and must be pro-

duced by Defendant Collecto. The Court finds it odd that NYIT would not have provided documentary information to Collecto as its agent to enable Collecto to proceed with collection activities concerning the purported student debts. As Judge Kaplan has pointed out,

> Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made "as to items in the responding party's possession, custody, or control," enables a party seeking discovery "to require production of documents beyond the actual possession of the opposing party if such party has retained any *right* or *ability to influence* the person in whose possession the documents lie." Additionally, a court in this District held that documents are discoverable under Rule 34 "when that party has the right, authority or *practical ability* to obtain the documents from a non-party to the action."

*N. Mariana Islands,* 287 F.R.D. at 209 (quoting *Tomlinson v. El Paso Corp.,* 245 F.R.D. 474, 476–77 (D.Colo.2007) (emphasis in original) and *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.,* 171 F.R.D. 135, 146 (S.D.N.Y.1997)) (emphasis in original); *see Hitachi, Ltd. v. AmTRAN Tech. Co. Ltd.,* No. C 05–2301, 2006 WL 2038248, at *2 (N.D.Cal. Jul. 18, 2006) (where question was whether the party had the "right, authority or practical ability to obtain the documents from a non-party to the action," court found that where the non-party was an agent of the party, the principal-agent relationship established the necessary control). The Court finds that Collecto has the practical ability to obtain the documents from NYIT in these circumstances.

As to the argument that Defendant does not know whether the materials addressed in the contract between Collecto and NYIT are "coextensive" with the documents Plaintiff is seeking, there is nothing to prevent Plaintiff from providing Collecto with a specific list, which, as an agent of NYIT, Collecto has an obligation to try to obtain and produce in this litigation. If there is some reason NYIT states that it cannot or will not provide the documents, then counsel for Collecto can obtain an affidavit from NYIT's representative to provide to the Court stating exactly why that is the case. In the latter event, the Court will permit Plaintiff to serve another subpoena on NYIT if necessary and will leave open a request for any remedies to which Plaintiff may be entitled based upon counsel having to incur additional expense.

With regard to documents concerning the statute of limitations issues, the Court agrees with the Defendant that the burden here is on the Plaintiff to prove that the statute of limitations has run in individual instances. However, the information necessary to demonstrate that fact is within the control, if not the immediate possession, of Collecto based on its contractual relationship with NYIT to collect these purported debts.

The Court further notes the statement of Plaintiff's counsel in DE 63 (including Exhibit D) that he has served a subpoena on NYIT for the foregoing documents. Depending on the level of responsiveness of NYIT, some of the foregoing issues may be moot. However, to the extent these issues remain outstanding, the Court is GRANTING Plaintiff's motion to compel [DE 63] and Defendant Collecto has 21 days to obtain the information and serve it on Plaintiff's counsel.

**SO ORDERED.**